UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA LOAYZA,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>           Defendant. | Case No. CV 05-8925-JTL<br><br>ORDER AWARDING ATTORNEY FEES<br>PURSUANT TO 42 U.S.C. SECTION 406(b) |

**BACKGROUND**

On January 10, 1994, Gloria Loayza ("plaintiff") filed applications for Disability Insurance Benefits and Supplemental Security Income. Plaintiff's applications were denied by an administrative law judge ("ALJ") and plaintiff, thereafter, sought review in the district court (Case No. CV 97-2535). On January 21, 1998, the district court entered an order remanding the case to the Commissioner for further proceedings. On March 9, 1998, the Court entered an Order granting plaintiff's counsel the sum of $1,450.00 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (See Plaintiff's Supplemental Brief).

On June 10, 1997, plaintiff filed another application for disability benefits. The application was consolidated with the foregoing district court remand and an ALJ issued an unfavorable decision. Plaintiff sought review in the district court (Case No. CV 01-3284) and

on September 25, 2001, the district court entered an order remanding the case to the Commissioner for further proceedings. On October 22, 2001, the Court entered an Order granting plaintiff's counsel the sum of $1,500.00 in attorney fees pursuant to the EAJA.

Pursuant to the remand order, the ALJ conducted a supplemental hearing. On May 7, 2002, the ALJ issued a decision denying benefits. Plaintiff then filed a request with the Appeals Council for review of the ALJ's decision. The Appeals Council remanded the case to the Commissioner for further proceedings. On July 11, 2005, the ALJ conducted another supplemental hearing. On August 29, 2005, the ALJ issued a decision denying benefits.

On December 27, 2005, plaintiff filed a Complaint seeking review of the ALJ's decision. On January 18, 2006, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on July 19, 2006, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed an Answer to the Complaint. On October 27, 2006, the parties filed their Joint Stipulation. On January 25, 2007, this Court remanded the case to the ALJ to reconsider and weigh all of the medical evidence in the record in light of the errors outlined in the Court's Memorandum Opinion and Order. On April 9, 2007, the Court entered an Order granting plaintiff's counsel the sum of $2,500.00 in attorney fees pursuant to the EAJA.

After conducting a supplemental hearing, the ALJ determined that plaintiff was entitled to benefits. (See Declaration of Marc V. Kalagian ["Kalagian Decl."] ¶ 3, Exh. 2). Thereafter, the Commissioner sent plaintiff a Notice of Award indicating retroactive benefits under Title II and Title XVI in the sum of $145,001.00. (See Kalagian Decl. ¶ 4, Exh. 3).

On July 23, 2008, plaintiff filed a Motion for Attorney's Fees pursuant to 42 U.S.C. Section 406(b) ("Motion") requesting a fee of $20,000.00 based on 36.61 hours of attorney time, and 9.5 hours of paralegal time for representation before the district court. (Motion at 3; Kalagian Decl. ¶ 5, Exh. 4). On August 1, 2008, defendant filed a Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Response"). Thereafter, on August 20, 2008, plaintiff filed a Supplemental Brief addressing the total amount of attorney fees awarded under the EAJA.

**DISCUSSION**

Congress authorized payment of a reasonable fee for representation of a successful social security claimant. 42 U.S.C. § 406(b). A "reasonable fee" cannot be in excess of 25 percent of the past-due benefits to which the claimant is entitled by his or her judgment. 42 U.S.C. § 406(b)(1)(A). This fee provision is not intended to displace contingent fee agreements as a means to set fees for representation of social security benefit claimants. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Nor does it imply that all contingent fee agreements that provide for fees up to 25 percent of the past-due benefits awarded are reasonable per se. Id. Instead, in order to recover fees under Section 406(b), an attorney for a successful claimant must show that the fee sought is within the 25 percent boundary and that the fee sought is reasonable for the services rendered in the course of his or her representation before the district court. Id.

Accordingly, even when a contingent fee falls within the 25 percent boundary, the court may reduce the fee if the court finds it unreasonable. Id. In order to determine whether a fee is reasonable, courts have considered the attorney's recovery based on the character of the representation and the results the representation achieved. Id. at 808. For example, if the attorney is responsible for delay, "a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. Similarly, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to avoid a windfall for the attorney. Id.; see also Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) ("Counsel spent very little time on the case in comparison to the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex."). If the contingent fee is found to be unreasonable, the court must adjust the attorney's recovery accordingly. Gisbrecht, 535 U.S. at 808.

Here, plaintiff is a successful social security claimant and plaintiff's attorney may be awarded a reasonable fee under Section 406(b). See 42 U.S.C. § 406(b)(1)(A) ("Whenever a court renders a judgment favorable to a claimant under [Title II] who was represented before

the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ").

On April 29, 1997, plaintiff entered into a contingent fee agreement with her attorney. (See Kalagian Decl. ¶ 2, Exh. 1). Under the terms of the contingent fee agreement, plaintiff agreed that her counsel would receive a fee equal to 25 percent of the benefits due up to the decision awarding her benefits for work before the court. (See Kalagian Decl. ¶ 2, Exh. 1 ¶ 4). Thus, the contingent fee agreement provides for a fee that falls within the acceptable range provided by Section 406(b). In addition, there is no basis to find, and none is alleged, that the contingent fee agreement itself is invalid based on fraud or other grounds.

Upon finding a valid contingent fee agreement between a successful social security claimant and her attorney, the court must determine whether the contingent fee is reasonable for the services rendered. Gisbrecht, 535 U.S. at 807. Here, plaintiff's counsel proposes to collect a fee of $20,000.00 under Section 406(b). In the Response, defendant notes that plaintiff's requested fee is under 25 percent of plaintiff's past due benefits. (Response at 2). Defendant notes that after using the paralegal billing rates provided by plaintiff in connection with her requests for attorney fees under the EAJA to value the portion of the requested fee attributable to paralegal time, the effective hourly rate for attorney time is $524.94.[1] (Response at 7).

///

---

[1] Using the paralegal rates provided by plaintiff in the requests for EAJA fees, $781.81 was awarded to compensate for paralegal services. Plaintiff submitted that in connection with representation before the district court 2.3 hours of paralegal time were expended in 1997 at an hourly rate of $50.00 ($115.00), 3.7 hours of in 2001 at a hourly rate of $85.00 ($314.50), and 3.5 hours in 2005 and 2006 at an hourly rate of $100.66 ($352.31). (See Motion, Exh. 4). Thus, the 9.5 hours of paralegal time expended over the course of the three civil actions results in a fee equaling $781.81.

Thus, defendant notes that the remainder of the fee request, $19,218.19 ($20,000.00 less $781.81), is attributable to the 36.61 hours plaintiff's counsel's expended over the course of the three civil actions and results in an effective hourly rate of $524.94 ($19,218.19 divided by 36.61 hours.) (Response at 7).

4

To assess the reasonableness of counsel's fee pursuant to the terms of the contingent fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel and his paralegal spent working on the case in the three civil cases before the district court. See Gisbrecht, 535 U.S. at 808-09. (See Kalagian Decl. ¶ 5, Exh. 4). After considering the reasonableness of the fee request in light of the particular circumstances of this case, such as counsel's success in securing approximately 15 years of past-due benefits on plaintiffs behalf, and the risks associated with representation of numerous social security claimants on a contingent fee basis, the Court finds that $20,000.00 for 36.61 hours of attorney time and 9.5 hours of paralegal time for representation before the district court is reasonable.

## CONCLUSION

Based upon the foregoing, plaintiff's motion for attorney fees is **GRANTED**. Attorney fees under Section 406(b) are awarded in the gross amount of $20,000.00, to be paid out of the sums withheld by the Commissioner from plaintiff's benefits. Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $5,450.00 to offset the fee award that the Commissioner has already paid to counsel under the EAJA.

DATED: August 28, 2008

                                                    /s/-Jennifer T. Lum
                                         JENNIFER T. LUM
                                         UNITED STATES MAGISTRATE JUDGE